An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CARLTON GARDNER A/K/A CARLTON TREMAYNE GARDNER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60568

**FILED**

JUL 10 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY R. Malone
DEPUTY CLERK

## *ORDER GRANTING REHEARING, REVERSING, AND REMANDING*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of burglary. Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

On March 13, 2013, this court entered an order in this appeal affirming the judgment of conviction. *Gardner v. State*, Docket No. 60568 (Order of Affirmance, March 13, 2013). Appellant Carlton Gardner filed a petition for rehearing, arguing, among other things, that this court misapplied or misunderstood controlling authority when resolving his claim that the district court erred by denying his request for self-representation because it did so based solely on his lack of legal knowledge. *See* NRAP 40(c)(2). On May 24, 2013, the State filed its answer to Gardner's petition for rehearing. Because we agree that we misapplied controlling authority when resolving his appeal, we grant Gardner's petition for rehearing and issue this order in the place of our prior order. *See* NRAP 40(e).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-20125

A criminal defendant has the right to represent himself so long as the district court finds "that [he] is competent and that the waiver of counsel is knowing, voluntary, and intelligent," *Hymon v. State*, 121 Nev. 200, 212, 111 P.3d 1092, 1101 (2005); "a criminal defendant's ability to represent himself has no bearing upon his competence to *choose* self-representation," *Vanisi v. State*, 117 Nev. 330, 341-42, 22 P.3d 1164, 1172 (2001) (internal quotation marks omitted). Here, Gardner gave the district court timely notice that he wished to represent himself at trial. After conducting a canvass pursuant to *Faretta v. California*, 422 U.S. 806 (1975), the district court denied Gardner's request because it concluded that his limited legal knowledge and memory problems would make him a "sitting duck" for the experienced prosecution. The district court made no findings as to whether Gardner's waiver was knowing, voluntary, or intelligent. We conclude that the district court erred by denying Gardner's request for self-representation based upon the stated grounds. Although Gardner frequently displayed trouble understanding the law and legal terminology, this did not compel the conclusion that he was incapable of understanding the significance of the waiver of counsel and the risks of self-representation–the relevant consideration under *Faretta*. *See Graves v. State*, 112 Nev. 118, 124, 912 P.2d 234, 238 (1996) ("*Faretta* makes clear that the defendant's technical knowledge is not the relevant inquiry. . . . [T]he judge need only be convinced that the defendant made his decision with a clear comprehension of the attendant risks." (citation omitted)). The error requires reversal. *Hymon*, 121 Nev. at 212, 111 P.3d at 1101

("Denial of [the right to self-representation] is per se reversible error."). Accordingly, we grant rehearing and we

ORDER the judgment of conviction REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____, J.
Gibbons

_____, J.       _____, J.
Douglas                                              Saitta


cc:    Hon. Valorie J. Vega, District Judge
       Clark County Public Defender
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[1]In light of this order, we decline to reach the remainder of the claims raised on appeal or in Gardner's petition for rehearing, except to comment that although we find the district court's practice of directly inquiring into the race of potential jurors when resolving a *Batson v. Kentucky*, 476 U.S. 79 (1986), challenge appropriate, we disapprove of limiting individuals' responses and requiring them to state their race as either black, white, or Asian.